IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH SULLIVAN,

      Plaintiff,

vs.                                    Civ. No. 13-00016 JP/RHS

RADIO STATION KUNM 89.9 FM,
RICHARD TOWNE,
in his official and individual capacity,
MATTHEW FINCH,
in his official and individual capacity, and
UNIVERSITY OF NEW MEXICO BOARD OF REGENTS,

      Defendants.

MEMORANDUM OPINION AND ORDER

On December 10, 2012, Plaintiff filed an AMENDED COMPLAINT FOR REPLEVIN

AND COMPLAINT FOR DAMAGES (Doc. No. 1-1) (Amended Complaint) in the Second

Judicial District Court, County of Bernalillo, State of New Mexico, which, for the first time,

added federal claims.  Plaintiff brings those federal claims under 42 U.S.C. § 1983. On January

8, 2013, Defendants removed this lawsuit to federal court on the basis of federal question

jurisdiction.  Defendants now move to dismiss Plaintiff's lawsuit under Fed. R. Civ. P. 12(b)(6)

for failure to state a cognizable claim upon which relief can be granted.  *See* DEFENDANTS'

MOTION TO DISMISS (Doc. No. 5) (Motion to Dismiss), filed Jan. 23, 2013.  Should the

Defendants prevail on the Motion to Dismiss, Defendants request that the Court award them

attorney's fees and costs.

*A. Background*

    *1. The Amended Complaint*

Plaintiff is a former volunteer at Defendant Radio Station KUNM 89.9 FM (KUNM), the University of New Mexico's (UNM) public radio station[1] which Plaintiff alleges is a "government entity." *See* Amended Complaint at ¶ 48. Plaintiff claims that Defendants accused him of embezzling record albums from KUNM. *Id*. at ¶ 10. On July 24, 2009, UNM police allegedly executed a search warrant at Plaintiff's home and seized over 500 record albums. *Id.* at ¶ 11. Plaintiff contends that the search warrant was unlawful and was based on "fraudulent and stale statements of one individual, not affiliated with" KUNM. *Id.* at ¶¶ 11-13. A state Grand Jury subsequently indicted Plaintiff on felony charges. *Id*. at ¶ 15. According to Plaintiff, on February 24, 2012, the state court dismissed the criminal charges against him because of a Speedy Trial Act violation. *Id*. at ¶ 18. UNM police then turned over the seized record albums to Defendant Richard Towne, KUNM's General Manager, and to Defendant Matthew Finch, KUNM's Music Director. *Id*. at ¶ 17. Towne and Finch allegedly made the record albums available to "all personnel and volunteers" at KUNM. *Id*.

Plaintiff maintains that on March 12, 2012 he and Towne, along with their respective attorneys, met at UNM. *Id*. at ¶ 19. Plaintiff contends that at the meeting he demanded that

---

[1]The Court takes judicial notice of the Regents' Policy on KUNM which states, in part, that "KUNM is licensed to the Board of Regents of the University of New Mexico, and the Board has the responsibility, under the Communications Act of 1934, as amended, for all aspects of the station's operations, including programming." kunm.net/pdf/KUNM-RegentsPolicy.pdf. *See also Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (although "[g]enerally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion," a court can, nonetheless, consider information which it has taken judicial notice of.); *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001) (courts can take judicial notice of matters of public record).

KUNM return the record albums to him.  *Id.*  According to Plaintiff, "Towne refused to answer several of Plaintiff's questions" and later "made findings of fact and decided the property would not be returned."  *Id*. at ¶¶ 57 and 58.

Consequently, Plaintiff sued KUNM; the UNM Board of Regents (Board of Regents); Towne, in his official and individual capacities; and Finch, in his official and individual capacities. Plaintiff brings six causes of action.  Plaintiff asserts various state tort claims in the First, Second, Third, and Fourth Causes of Action.  However, Plaintiff now agrees to withdraw the state tort claims.  *See* PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS (Doc. No. 8) (Response) at 1, filed Feb. 6, 2013.  The Court will, therefore, dismiss the First, Second, Third, and Fourth Causes of Action with prejudice.  The Fifth Cause of Action includes a § 1983 claim for violation of the takings clause of the Fifth Amendment of the United States Constitution and a claim for violation of the New Mexico Constitution's takings clause. The Sixth Cause of Action contains a § 1983 claim for violation of the procedural due process clause of the Fourteenth Amendment of the United States Constitution and a claim for violation of the New Mexico Constitution's procedural due process clause.  Although the Fifth Cause of Action appears to be against KUNM, Towne, and Finch while the Sixth Cause of Action appears to be against KUNM, *see* Amended Complaint at ¶¶ 48 and 53, the parties treat the Fifth and Sixth Causes of Action as if they are asserted against all Defendants.  Accordingly, the Court will address the Motion to Dismiss as applicable to all Defendants.  Plaintiff seeks compensatory damages as well as the return of the record albums.

*2. The Motion to Dismiss*

Defendants argue that Plaintiff has not stated a § 1983 claim against KUNM and the UNM Board of Regents because they are not "persons" subject to § 1983 and because Plaintiff

3

has not alleged that KUNM and the Board of Regents have a policy or custom which resulted in

in any alleged civil rights violations.  Defendants also argue that Towne and Finch are entitled to

qualified immunity for the § 1983 claims.  Should Defendants prevail on the Motion to Dismiss,

Defendants seek an award of attorney's fees and costs. Plaintiff opposes the dismissal of the

§ 1983 claims.  *See* Response.  On March 1, 2013, Defendants filed a REPLY TO PLAINTIFF'S

RESPONSE TO DEFENDANTS' MOTION TO DISMISS (Doc. No. 13).

*B.  Standard of Review*

Under Rule 12(b)(6), a court may dismiss a complaint or claim for "failure to state a

claim upon which relief can be granted."  In ruling on a Rule 12(b)(6) motion to dismiss, the

Court must accept all well-pleaded allegations as true and must view them in the light most

favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*,

750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that a complaint set forth the grounds

of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic

recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). While a complaint does not need to include detailed factual allegations, "[f]actual

allegations must be enough to raise a right to relief above the speculative level…." *Id.* In other

words, dismissal of a complaint under Rule 12(b)(6) is proper only when it is obvious that the

plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.*

at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable for the misconduct
> alleged.  The plausibility standard is not akin to a "probability requirement," but it asks
> for more than a sheer possibility that a defendant has acted unlawfully.  Where a
> complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops
> short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  Courts must draw on their "judicial experience and common sense" to assess a claim's plausibility.  *Id*. at 679.

To avoid a Rule 12(b)(6) dismissal based on the defense of qualified immunity, "plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). The Tenth Circuit more specifically articulated the test for qualified immunity when raised in a motion to dismiss as follows:

> Once a defendant raises qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has alleged a violation of federal law. *Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir.2004). If the answer is "yes," then the court must decide whether the right was clearly established when the alleged violation occurred. *Id.; see also Smith v. Cochran*, 339 F.3d 1205, 1211 (10th Cir.2003). To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Albright v .Rodriguez*, 51 F.3d 1531, 1535 (10th Cir.1995) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Although the very conduct in question need not have been held unlawful, "in the light of pre-existing law the unlawfulness must be apparent." *Id*. If a plaintiff fails to demonstrate that a defendant's conduct violated the law, then we need not reach the additional question of whether the law was clearly established. *Butler v. Rio Rancho Pub. Schs. Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir.2003).

*Marino v. Mayger*, 118 Fed. Appx. 393, 398 (10th Cir. 2004) (unpublished decision) (footnote omitted).

## C.  Discussion

### 1.  Whether Plaintiff has Stated a Plausible § 1983 Claim Against KUNM and the Board of Regents

Defendants argue first that Plaintiff cannot bring § 1983 claims against KUNM and the Board of Regents because they are not "persons" within the meaning of § 1983.  To state a claim

for relief under § 1983, "a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a *person* acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted) (emphasis added).  Plaintiff seems to concede that states and their agencies or

entities, like the Board of Regents and KUNM,[2] are not considered "persons" under § 1983 when

compensatory damages are sought.  *See* Response at 1.  *See also, e.g., Ross v. The Board of

Regents of the University of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010) (the Board of

Regents, a state entity, is not a person subject to a § 1983 claim for compensatory damages).

Plaintiff, however, argues that he can sue KUNM and the Board of Regents under § 1983 for

injunctive relief because those Defendants have a policy "that created the hearing wherein the

official decision of Towne in his official capacity, and therefore KUNM and the Regents, was to

take and deprive Mr. Sullivan of his personal property."  Response at 2.  Plaintiff also appears to

argue that that the Board of Regents, as individual state officers, can be sued in their official

capacities for injunctive relief.  *Id*. at 1-2.

     As a preliminary matter, Plaintiff's contention that he can bring § 1983 claims against

state entities like KUNM and the Board of Regents raises the issue of whether Eleventh

Amendment sovereign immunity bars this lawsuit against KUNM and the Board of Regents.

Eleventh Amendment sovereign immunity applies to state agencies which function as arms of

the state.  *See, e.g., Hunt v. Colorado Dept. of Corrections*, 271 Fed. Appx. 778, 780 (10th Cir.

2008) (unpublished decision). With two narrow exceptions, the Eleventh Amendment bars a

---

[2]Since Plaintiff is suing KUNM under § 1983 as a "government entity" and § 1983 requires state action, viewing the Amended Complaint in the light most favorable to Plaintiff, the Court will assume for the purpose of this MEMORANDUM OPINION AND ORDER that Plaintiff is suing KUNM as a state entity acting under color of state law.

lawsuit in federal court by a citizen against a state agency. *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *cert. denied*, 525 U.S. 1122 (1999), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The two narrow exceptions to Eleventh Amendment sovereign immunity are: "1) A state may waive its Eleventh Amendment immunity by consenting to be sued, but only in the clearest and most unmistakable terms, and 2) Congress may abrogate the states' Eleventh Amendment immunity, but again, only by using the clearest and most unmistakable terms, and only when Congress is exercising a power granted to it by a constitutional amendment post-dating the Eleventh Amendment, i.e., principally section 5 of the Fourteenth Amendment." *Id.* at 1187-88 (citing *Aaron v. State of Kan.*, 115 F.3d 813, 814 (10th Cir. 1997)). Moreover, the Eleventh Amendment can bar lawsuits against a state agency no matter what relief the citizen seeks. *Id.* at 1187 (citing *Cory v. White*, 457 U.S. 85, 90 (1982)).

　　　Here, Plaintiff is suing KUNM as a state "government entity" and, therefore, as an arm of the state.  It is already well-established that the Board of Regents is an arm of the state.  *See Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 494 n.3 (10th Cir. (1998) ("[W]e have no doubt that UNMSM, its Regents, and the Committee on Admissions are 'arms of the state, entitled to Eleventh Amendment immunity."). Plaintiff, however, has failed to allege in the Amended Complaint that either KUNM or the Board of Regents has waived Eleventh Amendment immunity. Additionally, "Congress did not abrogate Eleventh Amendment immunity through Section 1983…."  *Hunt*, 271 Fed. Appx. at 781  The fact that Plaintiff seeks injunctive or prospective relief does not affect the application of Eleventh Amendment immunity. Under these circumstances, Eleventh Amendment immunity seemingly bars this lawsuit against KUNM and the Board of Regents. Furthermore, an agency that is an arm of the

state for the purpose of applying the Eleventh Amendment is not a "person" under § 1983.

*McLaughlin v. Board of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000).

In addition, Plaintiff's argument that he has stated a § 1983 claim by virtue of asserting that a policy led to the alleged § 1983 violations is unavailing. The policy argument Plaintiff is referring to applies to § 1983 lawsuits against municipalities, which are not immune under the Eleventh Amendment. *Rounds v. Clements*, 495 Fed. Appx. 938, 941 (10th Cir. 2012) (unpublished decision). Plaintiff does not allege that KUNM and the Board of Regents are municipal entities nor is it plausible to conclude from the facts alleged in the Amended Complaint that KUNM and the Board of Regents are municipal entities. Moreover, Plaintiff has not alleged in the Amended Complaint a specific policy by KUNM and the Board of Regents to unlawfully take property. Plaintiff engages in mere speculation when he insists that a policy which resulted in a hearing, whether Plaintiff agrees with the hearing's outcome or not, is the equivalent of a policy to unlawfully take property.

Next, Plaintiff's apparent argument that he is suing the individual regents in their official capacities for injunctive or prospective relief simply fails. Plaintiff does not allege anywhere in the Amended Complaint that he is suing the regents individually in their official capacities. Plaintiff only names the Board of Regents in the caption of the Amended Complaint and does not specifically refer to individual regents anywhere in the Amended Complaint. Because Plaintiff did not sue the individual regents and, instead, sued only the Board of Regents, which is not a "person" under § 1983, Plaintiff has failed to state a plausible § 1983 claim against the Board of Regents. *See McLaughlin*, 215 F.3d at 1172 ("Having sued only the Board rather than the individual trustees, Mr. McLauglin has failed to state a claim against a person covered by section

1983.").  In sum, Plaintiff has failed to plausibly state § 1983 claims against KUNM and the

Board of Regents.  Hence, those claims will be dismissed without prejudice under Rule

12(b)(6).[3]

>    *2.  Whether Plaintiff has Plausibly Shown that Towne and Finch are not Entitled to*
>    *Qualified Immunity on the § 1983 Claims*

>        *a.  The Fifth Amendment Takings Claim*

Towne and Finch argue that Plaintiff has not alleged a Fifth Amendment takings claim

because they did not "take" the record albums from Plaintiff and there is no allegation that they

caused UNM police to seize the record albums.  Moreover, Towne and Finch contend that even

assuming there was a violation of the takings clause, they could not have reasonably known that

their actions violated the takings clause of the Fifth Amendment.  Plaintiff argues that the taking

occurred after the state court dismissed the criminal charges against him, and Towne and Finch

subsequently received the record albums from the UNM police. Plaintiff further appears to claim

that he can sue Towne and Finch in their individual capacities for damages as well as for

injunctive relief.  *See* Response at 2.  In fact, qualified immunity only applies to individual

capacity claims for damages.  *See Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006).

Consequently, Plaintiff's individual capacity claims against Towne and Finch which seek

injunctive relief, i.e., the return of his record albums, are not subject to qualified immunity.

However, those individual capacity claims for injunctive relief must still pass muster under Rule

12(b)(6) to avoid dismissal.

---

[3] "Generally, dismissals of claims for failure to state a claim upon which relief may be
granted are without prejudice," because the defect addressed by Rule 12(b)(6) may be
curable.  *Buchanan v. Oklahoma*, 2010 WL 1449603 *4 n.7 (W.D. Okla.) (unpublished
decision).  *See also Douglas v. Hilligoss*, 2010 WL 1329075 *2 (W.D. Okla.)
(unpublished decision) (citing *Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001)).

As noted, Plaintiff has also sued Towne and Finch in their official capacities.  For the same reasons that KUNM and the Board of Regents are apparently entitled to Eleventh Amendment immunity from suit, Towne and Finch are entitled to Eleventh Amendment immunity for Plaintiff's damages claims against them in their official capacities.  *See Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012).  The Eleventh Amendment does not, however, bar Plaintiff's lawsuit against Towne and Finch, in their official capacities, for prospective injunctive relief.  *Id*.  Like the individual capacity claims for injunctive relief, the official capacity claims for prospective injunctive relief must still be scrutinized under Rule 12(b)(6) to see if they survive dismissal.

When the Court addresses the qualified immunity issue, it will analyze whether Plaintiff has alleged sufficient facts to plausibly state constitutional claims. That analysis applies equally to the § 1983 claims against Towne and Finch for prospective injunctive relief.  Accordingly, if the Court determines that Plaintiff has failed to state a plausible constitutional claim, the Court can dismiss that claim as asserted against Towne and Finch for both compensatory damages and prospective injunctive relief.

### (1) Has Plaintiff Plausibly Alleged a Violation of the Fifth Amendment Takings Clause?

Plaintiff asserts that the taking by Towne and Finch occurred after the dismissal of the criminal charges.  Plaintiff does not cite any legal authority that substantiates his assertion that a taking can occur when a state entity receives property from a third-party who is not the owner of the property.  Towne and Finch more convincingly argue that the taking took place when UNM police seized the record albums from Plaintiff, not when Towne and Finch received the record albums from the UNM police.  In other words, Plaintiff has not plausibly alleged facts, nor has

he provided legal authority, showing that Towne and Finch actually "took" the record albums from Plaintiff.

Furthermore, in order to allege a takings claim, Plaintiff must allege facts which show that Towne and Finch were authorized to take the record albums ostensibly belonging to Plaintiff. *See Hill v. Vanderbilt Capital Advisors, LLC*, 834 F.Supp.2d 1228, 1264 (D.N.M. 2011). An allegation of simple "theft or misappropriation" does not constitute a takings claim; "a Takings claim arises only when the property is legally taken." *Id.* (quoting *Sanders v. United States*, 132 Fed. Appx. 378, 380 (Fed. Cir. 2005) (unpublished decision)) (internal quotation marks omitted). Accepting Plaintiff's allegation that the seizure of the record albums by UNM police was unlawful and that Towne and Finch apparently knew that the record albums lawfully belonged to Plaintiff, one could assume that the subsequent possession of the record albums by the Towne and Finch is unlawful as well. The Court observes that Plaintiff does not allege that Towne or Finch had the authority to lawfully condemn the record albums.

In addition, one could argue that the Towne and Finch's possession of the record albums is unlawful because it is based on error committed by the state court. In theory, the state court should have ordered the return of the seized property to Plaintiff, again accepting Plaintiff's allegation that the property lawfully belonged to him, after the state court dismissed the criminal charges. *See United States v. Wright*, 610 F.2d 930, 934-35 (D.C. Cir. 1979) (criminal trial court should promptly return seized property to owner once the property is no longer needed in the criminal proceeding). The state court's failure to return the record albums to Plaintiff could arguably have led to the UNM police's unlawful retention of the record albums and to the UNM police's unlawful transfer of the record albums to Towne and Finch. Because Plaintiff has not alleged sufficient facts to show that Towne and Finch were authorized to take the record albums,

11

Plaintiff has not plausibly stated a takings claim under the Fifth Amendment. Although this conclusion is enough to dismiss the Fifth Amendment claim against Towne and Finch for compensatory damages and prospective injunctive relief, the Court will, for the sake of completeness, address the second part of the qualified immunity analysis.

*(2) Has Plaintiff Plausibly Alleged that His Rights Under the Fifth Amendment Takings Clause were Clearly Established?*

Plaintiff has also not alleged sufficient facts to plausibly demonstrate that officials in the positions of Towne and Finch would have reasonably understood that they were violating Plaintiff's rights under the Fifth Amendment takings clause when they received the record albums from the UNM police. Interestingly, Plaintiff does not allege that Towne and Finch caused or participated in the UNM police's seizure of the record albums from Plaintiff. Furthermore, Plaintiff does not allege that Towne and Finch actually "took" the record albums from Plaintiff. Even if Towne and Finch, officials in the positions of a university public radio station general manager and a music director, knew that the record albums belonged to Plaintiff, Plaintiff does not allege enough facts to plausibly show that they would have reasonably understood that receiving the record albums from the UNM police, a legitimate law enforcement entity, violated the takings clause of the Fifth Amendment. *See, e.g., Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 647 (10th Cir. 1988) (it was reasonable to believe that search and "seizure was lawful because [defendants] were told by law enforcement officials that a valid search warrant would be obtained. If the search was unlawful under the fourth and fifth amendments, it was not such that it would be apparent to reasonable officials in the position of the defendants in this case."). In other words, reasonable officials in the positions of Towne and Finch would not necessarily have understood that receiving property from a law enforcement entity, instead of from the owner of the property, might constitute a taking under the Fifth

Amendment.  Furthermore, even if Towne and Finch knew that the property did not belong to

KUNM, they could have reasonably viewed KUNM's subsequent possession of the property as a

misappropriation not subject to the protections of the takings clause.  Moreover, Plaintiff does

not allege any specific facts, other than general conclusory statements, to support his contention

that he is actually the rightful owner of the record albums. Plaintiff simply has not plausibly

alleged that Towne and Finch violated clearly established rights under the takings clause of the

Fifth Amendment.

In conclusion, Plaintiff has failed to allege sufficient facts to plausibly state a takings

claim under the Fifth Amendment and has failed to allege sufficient facts to avoid a dismissal of

the takings claim under the doctrine of qualified immunity.  The Fifth Amendment takings claim

against Towne and Finch for both compensatory damages and injunctive relief will, therefore, be

dismissed without prejudice.

<em>b.  The Fourteenth Amendment Procedural Due Process Clause</em>

Towne and Finch argue that they are entitled to qualified immunity on the Fourteenth

Amendment procedural due process claim because Plaintiff has failed to show that he had a

clearly defined right to due process in the return of the record albums. Towne also contends that

he could not have reasonably known that he personally violated any of Plaintiff's due process

rights at the March 12, 2012 meeting, especially since both parties were represented by counsel.

Plaintiff complains that Towne and KUNM did not provide Plaintiff with a proper post-

deprivation hearing including an impartial hearing officer, as required by due process

considerations.

*(1)  Has Plaintiff Plausibly Alleged a Violation of the Procedural Due
Process Clause of the Fourteenth Amendment?*

Plaintiff was arguably not entitled to a post-deprivation hearing by Towne and Finch because they did not actually take the record albums from Plaintiff.  Notwithstanding that Towne and Finch did not actually take the record albums from Plaintiff, procedural due process was available to Plaintiff in the state criminal proceedings.  Once a criminal proceeding has been terminated, the rightful owner of property seized during the course of that criminal proceeding can file a motion in that court for the return of the property.  *Wright*, 610 F.2d at 934-35; 68 Am. Jur. 2d *Searches and Seizures* § 312 (2d ed., updated Feb. 2103).  "The court in which a criminal charge was filed has exclusive jurisdiction to determine the rights to seized property and the property's disposition." 68 Am. Jur. 2d *Searches and Seizures* § 312. Plaintiff apparently did not take advantage of this process nor does Plaintiff allege that the state court process would have been procedurally inadequate under the due process clause.  The Tenth Circuit Court of Appeals and other jurisdictions have held that when a plaintiff chooses not to take advantage of available and adequate process, that plaintiff cannot later complain that the defendant violated his right to procedural due process.  *See Kirkland v. St. Vrain Valley School Dist. No. Re-1J*, 464 F.3d 1182, 1195 (10th Cir. 2006); *Tri County Paving, Inc. v. Ashe County*, 281 F.3d 430, 438 (4th Cir. 2002).  Since Plaintiff apparently failed to take advantage of the state court criminal proceedings to obtain the record albums from the UNM police, and since Plaintiff did not allege that the state criminal process for returning seized items to lawful owners is constitutionally deficient, Plaintiff has failed to allege a plausible violation of his right to procedural due process under the Fourteenth Amendment.  Again, this conclusion is sufficient to dismiss the Fourteenth Amendment claim against Towne and Finch for both compensatory and injunctive relief.

However, as before, the Court will address the second part of the qualified immunity analysis for the sake of completeness.

> *(2)  Has Plaintiff Plausibly Alleged that His Right to Procedural Due Process Under the Fourteenth Amendment was Clearly Established?*

Officials like Towne and Finch, in the positions of a university public radio station general manager and a music director who believed that the record albums previously belonged to Plaintiff, could have, nonetheless, reasonably believed that the UNM police lawfully possessed the record albums and that the UNM police, therefore, had the lawful authority to give the record albums to them without violating Plaintiff's procedural due process rights.  Because Plaintiff could have asked for the record albums in state court but did not do so, persons in the positions of Towne and Finch could reasonably conclude that either Plaintiff did not lawfully own the record albums or that Plaintiff abandoned his ownership rights to the record albums. Under those circumstances, officials like Towne and Finch would not have understood that it was necessary to hold a post-deprivation hearing with due process protections.  Plaintiff has not, otherwise, alleged sufficient facts to plausibly show that Towne and Finch violated a clearly established right to procedural due process.

In conclusion, Plaintiff has not stated a plausible Fourteenth Amendment procedural due process claim against Towne and Finch.  Also, Plaintiff has failed to allege sufficient facts to plausibly show that Towne and Finch are not entitled to qualified immunity on the procedural due process claim.  Hence, the Fourteenth Amendment procedural due process claims against Towne and Finch, in their individual and official capacities, for both compensatory damages and injunctive relief will be dismissed without prejudice.

*3.  The Remaining New Mexico Constitutional Claims*

The Court notes that Defendants have not argued for the dismissal of the state constitutional claims.  Since the Court has decided to dismiss the federal § 1983 claims, the Court must decide if it should continue to exercise supplemental jurisdiction over the remaining state constitutional claims.[4]  According to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction once it has dismissed the claims over which it had original jurisdiction.  *See Lancaster v. Independent School Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998).  The decision to continue to exercise supplemental jurisdiction is within the Court's discretion. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988); *Archuleta v. Lacuesta*, 131 F.3d 1359, 1368 n. 4 (10th Cir. 1997).  The United States Supreme Court has recognized that when "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent [or supplemental] jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *See Carnegie-Mellon University*, 484 U.S. at 350 n.7.  The United States Supreme Court has further concluded, in the context of a removed case, that "a district court has discretion to remand to state court a removed case involving pendent [or supplemental] claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Id*. at 357.  Because Plaintiff's federal § 1983 claims are subject to dismissal and the state court is in a better position to decide the state constitutional issues, the Court declines to exercise supplemental jurisdiction over the state law claims and those claims will, therefore, be remanded to the state court.

---

[4]The Court can *sua sponte* decide whether to exercise supplemental jurisdiction over a remaining state claim. *See, e.g., Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006).

*4. Defendants' Request for an Award of Attorney's Fees and Costs*

In the event the Court grants the Motion to Dismiss, Defendants ask that the Court award them attorney's fees and costs.  Three factors, however, warrant against an award of attorney's fees and costs.  First, Plaintiff agreed to dismiss the state tort claims; second, there are still outstanding state constitutional claims; and third, the dismissal of the § 1983 claims without prejudice allows the Plaintiff an opportunity to reassert those claims, if possible, consistent with the appropriate rule of civil procedure governing the signing of pleadings, *see* Fed. R. Civ. P. 11 and Rule 1-011 NMRA 1998.  Defendants' request for an award of attorney's fees and costs will, therefore, be denied.

*D. Conclusion*

Plaintiff has agreed to dismiss his state tort claims and the Court will dismiss those claims with prejudice.  The Court will dismiss without prejudice Plaintiff's § 1983 claims under Rule 12(b)(6) for failure to state plausible Fifth and Fourteenth Amendment claims. Additionally, the Court declines to exercise supplemental jurisdiction over the remaining state constitutional claims.  Consequently, those state claims will be remanded to state court.  Finally, the Court will deny Defendants' request for an award of attorney's fees and costs.

IT IS ORDERED that DEFENDANTS' MOTION TO DISMISS (Doc. No. 5) is granted in that:

1.  the First, Second, Third, and Fourth Causes of Action will be dismissed with prejudice;

2.  the § 1983 claims in the Fifth and Sixth Causes of Action will be dismissed without prejudice;

    3.  the state constitutional claims in the Fifth and Sixth Causes of Action will be

remanded to state court; and

    4.  Defendants' request for an award of attorney's fees and costs is denied.


_____

SENIOR UNITED STATES DISTRICT COURT JUDGE